

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-87,273-02

### EX PARTE ARIEL SOLIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2015-DCR-01127-G IN THE 404TH DISTRICT COURT
### FROM CAMERON COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with one count of continuous sexual abuse of a child and one count of indecency with a child by exposure. He pleaded guilty pursuant to a plea agreement, and was sentenced to eighteen years' imprisonment for Count I and ten years' imprisonment for Count II, to run concurrently. He did not appeal his conviction.

On March 17, 2018, this Court remanded this matter to the trial court to address Applicant's claim that his plea was involuntary because he believed that he was pleading guilty to a reduced charge in Count I, and was pleading to a second degree felony. The plea papers indicate that the

State agreed to reduce the continuous sexual abuse of a young child offense charged in Count I to the lesser offense of aggravated sexual assault of child. Applicant was admonished as to the punishment range for a first degree felony in Count I. Aggravated sexual assault of a child is a first degree felony, carrying a punishment range of five to ninety-nine years' or life imprisonment. However, the judgment in this case reflected a conviction in Count I for continuous sexual abuse of a young child. The punishment range for continuous sexual abuse of a young child is twenty-five to ninety-nine years' or life imprisonment.

On May 22, 2020, the trial court signed findings of fact and conclusions of law, indicating that a judgment *nunc pro tunc* had been entered, correcting the offense of conviction on the judgment to show that Applicant had in fact pleaded guilty to the lesser-included offense of aggravated sexual assault of a child and had been sentenced to eighteen years' imprisonment in Count I. However, the findings and the judgment *nunc pro tunc* also indicate that the offense of aggravated sexual assault of a child is a second degree felony. Although the eighteen-year sentence in exchange for which Applicant pleaded guilty is within the applicable punishment range for either a first or a second degree felony, the offense of aggravated sexual assault of a child is a first degree felony.

On August 19, 2020, this Court remanded this matter to the trial court for the second time, instructing the trial court to enter another judgment *nunc pro tunc* to correct the degree of offense to which Applicant pleaded guilty, to send a copy of that judgment to the Texas Department of Criminal Justice, and to make any other findings of fact and conclusions of law that it deemed relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

On January 26, 2022, this Court received the supplemental record after the second remand.

The record contains a second judgment *nunc pro tunc* and new findings of fact and conclusions of law from the trial court, both signed on August 27, 2020. However, the second judgment *nunc pro tunc* and findings of fact both contain the same error that was contained in the first judgment *nunc pro tunc*, showing the degree of the offense in Count I to be a second degree felony. As noted in this Court's second remand order, the offense to which Applicant pleaded guilty in Count I was aggravated sexual assault of a child, which is under all circumstances a first degree felony.

Therefore, the trial court shall correct the judgment by way of *nunc pro tunc* to reflect the degree of the offense in Count I as a first degree felony. The trial court shall enter findings of fact and conclusions of law consistent with this correction.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 30 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 16, 2022
Do not publish